IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |
|---|---|
| RANDALL BERNARD ALLEN, | ( |
| Plaintiff, | ( |
| vs. | ( No. 18-2559-MSN-cgc |
| MT. MARIAH MEMPHIS POLICE DEPARTMENT, | ( |
| Defendant. | ( |

REPORT AND RECOMMENDATION PURSUANT TO 28 U.S.C. § 1915

Before the Court, by way of Administrative Order 2013-05,[1] is a *pro se* complaint filed by Plaintiff Randall Bernard Allen, a resident of Memphis, Tennessee, on August 14, 2018 accompanied by a motion seeking leave to proceed *in forma pauperis*. (Docket Entries (D.E. # 2 & 1.) Plaintiff's motion seeking leave to proceed *in forma pauperis* was granted on October 4, 2018. (D.E. # 7)

The document filed as a complaint is largely incomprehensible. The forty-two pages that comprise the complaint and attachments are a disjointed narrative alleging a surveillance conspiracy conducted by unnamed law enforcement officers. The relief sought is

> "…to do something about the Mt. Mariah officers lack of duty, is neglict (sic) to serve the people in the community. My child has been terrorized at our home, at his school and any businesses that we frequent like grocery stores, simply because no effort to investigate

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

1

>   has been put forth. There is either a Los Angeles officer or the ex-girlfriend that is involved with L.A. law enforcement, encouraging bias."

The Court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action:

(i)      is frivolous or malicious;

(ii)     fails to state a claim on which relief may be granted; or

(iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

In assessing whether the complaint in this case states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009), and in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court "consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679; *see also* Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a "showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of

providing not only "fair notice' of the nature of the claim, but also "grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." Hill, 630 F.3d at 470 (citing Neitzke v. Williams, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give Ajudges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, Iqbal, 129 S. Ct. at 1949-50, a judge does not have to accept Afantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. Neitzke, 490 U.S. at 327-28, 109 S. Ct. 1827.

Id. at 471.

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); *see also* Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks omitted); Payne v. Secretary of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf.* Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); Young Bok Song v.

Gipson, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue."), *cert. denied*, ___ U.S. ___, 132 S. Ct. 461 (2011).

Plaintiff's complaint does not comply with Fed. R. Civ. P. 8(a)(2), which requires "[a] pleading that states a claim for relief" to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint violates these provisions when it "is so verbose that the Court cannot identify with clarity the claim(s) of the pleader and adjudicate such claim(s) understandingly on the merits." Harrell v. Dirs. of Bur. of Narcotics & Dangerous Drugs, 70 F.R.D. 444, 446 (E.D. Tenn. 1975); see also Flayter v. Wis. Dep't of Corr., 16 F. App'x 507, 509 (7th Cir. 2001) (dismissing 116-page complaint pursuant to Rule 8(a)(2)); Vicom v. Harbridge Merch. Servs., Inc., 20 F.3d 771, 775-76 (7th Cir. 1994) (criticizing district court for declining to dismiss amended complaint with prejudice pursuant to Rule 8(a) and noting that "[a] complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation). Plaintiff's complaint is incomprehensible, irrational and incredible. The filing does not assert any coherent claim against any person or entity under any colorable legal theory.

For the foregoing reasons, it is RECOMMENDED that the Court DISMISS the action, in its entirety, as being frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) as well as for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. The United States Court of Appeals for the Sixth Circuit requires that all district courts in the circuit determine, in all cases where the appellant seeks to proceed *in forma pauperis*, whether the appeal would be frivolous. Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. Id. It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to recommend dismissal of this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. It is therefore RECOMMENDED that the Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*.

Signed this 1st day of July, 2019.

> s/ Charmiane G. Claxton
> CHARMIANE G. CLAXTON
> UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**