# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

RANDALL BERNARD ALLEN,

    Plaintiff,

v.                                                            No. 2:18-02559-MSN-cgc

MT. MARIAH MEMPHIS POLICE
DEPARTMENT,

    Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTION, DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT, AND CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH

Before the Court is the Magistrate Judge's Report and Recommendation Pursuant to 28 U.S.C. § 1915, filed July 1, 2019. (ECF No. 10.) The report recommends that the complaint be dismissed in its entirety, as being frivolous under 28 U.S.C. § 1915(e)(2)(B)(i), as well as for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and, specifically, because it is "incomprehensible, irrational and incredible. The filing does not assert any coherent claim against any person or entity under any colorable legal theory." (*Id.* at PageID 60.) Plaintiff filed a response on July 15, 2019. (ECF No. 11.) Although not labeled as an objection to the Magistrate Judge's report and recommendation, the Court will treat it as such and refer to the response as an objection.

For the following reasons, Plaintiff's objection is **OVERRULED**. The report is **ADOPTED**. All of Plaintiff's claims in this matter are **DISMISSED WITH PREJUDICE**.

**STANDARD OF REVIEW**

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x. 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a de novo or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a Magistrate Judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the Magistrate Judge's recommendation should include how the analysis is wrong, why it was wrong and how *de novo* review will obtain a different result on that particular issue. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

A general objection, or one that merely restates the arguments previously presented and addressed by the Magistrate Judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the Magistrate Judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of*

*Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *accord Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

## **ANALYSIS**

Unfortunately, Allen's objection to the report is no clearer than his complaint. (See ECF No. 11 at PageID 63–64.) Allen's objection does not explain how the report's analysis is wrong, why it was wrong, or how *de novo* review would result in a different conclusion. Allen merely reiterates some of the facts previously presented in his complaint and addressed by the Magistrate Judge. *See Howard*, 932 F.2d at 509. Because Allen's objection reiterates the "claims" presented to the Magistrate Judge, the Court may review the report for clear error. *See Verdone*, 2018 WL 1516918, at *2.

The Court has reviewed the report for clear error and finds none. Accordingly, Allen's objection is **OVERRULED**.

Allen filed a letter with the Court on March 8, 2019, stating that he had "recently obtained additional evidence, to support [his] civil claim. . . . I am also making a request . . . that this additional evidence be allowed to be submitted, further substantiating my claim, as it is relevant documentation." (ECF No. 9 at PageID 55.) The Court construes this as a request for leave to amend pursuant to Fed. R. Civ. P. 15(a).

Rule 15(a) declares that leave to amend "shall be freely given when justice so requires." The Supreme Court has held that leave to amend should normally be granted unless there is some "apparent or declared reason" not to allow the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). One reason for not allowing an amendment is that the amendment would be futile. *Id.* "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to

dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol Corp. v. Dep't of Treasury, State of Michigan, Revenue Div.*, 987 F.2d 376, 382–83 (6th Cir. 1993)).

The Court finds that Allen's proposed amendment would be futile. His current complaint and objection to the Magistrate Judge's report are "incomprehensible" and do not contain any "colorable legal theory." (ECF No. 10 at PageID 60.) Any evidence Allen wants to include to "support [his] legal claim," (see ECF No. 9 at PageID 55), is in vain because no viable legal claim is present in his current complaint or objection. Additional evidence could not support Allen's legal claim when no comprehensible legal claim exists. Accordingly, Allen's proposed amendment is futile because after amendment, the Complaint could not withstand a Rule 12(b)(6) motion to dismiss, and therefore, the request for leave to amend is **DENIED**.

The Magistrate Judge's report also recommends that the Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Allen would not be taken in good faith and that he not be allowed to proceed on appeal *in forma pauperis*. For the same reasons that this Court is adopting the report and recommendation, overruling Allen's objection, and denying his request to amend his complaint, this Court **CERTIFIES** that an appeal in this matter would not be taken in good faith and that Plaintiff may not proceed on appeal *in forma pauperis*.

## CONCLUSION

For the foregoing reasons, the Magistrate Judge's report and recommendation is **ADOPTED**. Plaintiff's objection is **OVERRULED** and his motion to amend complaint is **DENIED**. The Court **CERTIFIES** that any appeal taken by Plaintiff in this matter would not be taken in good faith and that Plaintiff may not proceed on appeal *in forma pauperis*. All of Plaintiff's claims in this matter are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED** this 25th day of July, 2019.

                                              *s/ Mark S. Norris*
                                              MARK S. NORRIS
                                              UNITED STATE DISTRICT JUDGE